UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEREMY JOSEPH DURRENBERGER, | § | |
| | § | |
| Plaintiff | § | |
| v. | § | CIVIL ACTION NO. 4:09-CV-00786 |
| | § | |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, | § | |
| | § | |
| Defendant | § | |

**FIRST AMENDED COMPLAINT**

Plaintiff Jeremy Durrenberger respectfully files this amended complaint and would show:

STATEMENT OF CLAIM

1. Jeremy Durrenberger, a person with a physical disability that causes a hearing impairment, brings this action through counsel for declaratory and injunctive relief, attorneys' fees, costs, and litigation expenses against Defendant Texas Department of Criminal Justice (TDCJ) for violations of Title II of the Americans with Disabilities Act, 42 U.S.C. §12181 ("ADA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), and Chapter 121 of the Texas Human Resources Code, Tex. Hum. Res. Code Ann. §121.001, et seq. ("Chapter 121").

2. Defendant has denied Plaintiff a reasonable accommodation to properly communicate while visiting his friend, an inmate at Defendant's Alfred Hughes facility.

JURISDICTION AND VENUE

3. This action is brought pursuant to the ADA and Section 504. Jurisdiction is based on 28 U.S.C. §§ 1331, 1343(a)(3)(4), and 2201 and the foregoing federal statutory and constitutional provisions.

4.	Plaintiff invokes supplemental jurisdiction to hear his state law claims pursuant to 28 U.S.C. § 1367(a).

5.	Venue is proper in this court under 28 U.S.C. § 1391(b)(1) as Defendant resides in this district.

## PARTIES

6.	Jeremy Durrenberger resides in Montgomery County, Texas and is an individual with a physical disability that substantially impairs his ability to hear.  He is a "qualified individual with a disability" within the meaning of ADA Title II and Chapter 121.

7.	TDCJ is an agency of the State of Texas.  It can be served with process by serving Brad Livingston, Executive Director for TDCJ, at 861 B IH 45 North, Huntsville, Texas 77320.

## FACTUAL ALLEGATIONS

8.	Because of Mr. Durrenberger's disability, certain accommodations are necessary to allow him access to facilities, services, and programs at TDCJ. Mr. Durrenberger has a forty percent hearing loss. He has difficulty hearing when a speaker is not face to face with him at close proximity, when speech is spoken at a soft level, and when there is background noise present or there is more than one person speaking at the same time.

9.	On February 22, 2009, Mr. Durrenberger went to TDCJ's Alfred Hughes Unit in order to visit with his friend, who is an inmate at the facility.

10.	Upon his arrival to the visitation area, Mr. Durrenberger requested an accommodation for his hearing disability from the correctional officer on duty. Mr. Durrenberger was told that no such accommodation was available, and was then told to speak with the lieutenant in the Unit's front office.

11.     When Mr. Durrenberger approached the front office, he spoke with three correctional officers and informed them that he was requesting an accommodation because his hearing impairment made it impossible for him to hear his friend in the visitation room.

12.     One of the officers informed Mr. Durrenberger that the Unit was accessible to people with disabilities because the facility had wheelchair ramps, and hearing loss was "not a disability." Another officer, who Mr. Durrenberger was told was a captain, told him that there was no requirement that the Unit accommodate people with hearing impairments. Mr. Durrenberger was told to contact the senior warden's office the next business day.

13.     After the officers refused to accommodate his disability, Mr. Durrenberger visited his friend, but he could not hear his friend during the visit. TDCJ required Mr. Durrenberger to speak with his friend through a plexiglass partition over a telephone. There was substantial background noise in the visitation room as many other families were visiting prisoners, and the telephone handset's volume could not be adjusted to allow Mr. Durrenberger to hear what his friend was saying.

14.     On February 23, 2009, Mr. Durrenberger called the unit and spoke with the warden's administrative assistant. Mr. Durrenberger requested an accommodation for his disability, specifically an amplifying device for the telephone receiver or that he be allowed to visit his friend in an attorney booth or have a "contact" visit where he would not be required to speak with his friend over the telephone. Mr. Durrenberger was told by the assistant that she did not know of any requirement that the unit had to accommodate people with hearing impairments.

15.     After speaking with the assistant, Mr. Durrenberger contacted TDCJ's headquarters in Huntsville, Texas and spoke with four employees, none of whom claimed to know about any obligation to accommodate people with hearing impairments.

16. TDCJ and its employees intentionally discriminated against Mr. Durrenberger by refusing to accommodate his disability. Defendants knew about Mr. Durrenberger's disability but intentionally refused to provide him an accommodation, going so far as to tell him he wasn't "really disabled" because he did not use a wheelchair.

17. On March 29, 2009, Mr. Durrenberger again went to TDCJ's Alfred Hughes Unit in order to visit with his friend. Mr. Durrenberger again requested an accommodation for his hearing disability, and was told by the warden that the only thing he could do was to put Mr. Durrenberger and his friend at the end of the visitation room, which did not eliminate the background noise. Mr. Durrenberger was still unable to hear his friend during that visit.

18. Mr. Durrenberger intends to continue to make weekly visits to TDCJ facilities for the duration of his friend's incarceration.

19. Prior to his friend's criminal conviction, Mr. Durrenberger visited him in the Harris County Jail. During these visits, the jail placed Mr. Durrenberger and his friend in an attorney visit booth, a reasonable accommodation which enabled Mr. Durrenberger to hear his friend.

CAUSES OF ACTION

Title II of the ADA and Section 504 of the Rehabilitation Act

20. Section 504 requires recipients of federal funds to reasonably accommodate persons with disabilities in their facilities, program activities, and services. It further requires such recipients to modify such facilities, services, and programs as necessary to accomplish this purpose. TDCJ has been, and is, a recipient of federal funds, and is subject to the mandate of Section 504.

21. Further, Title II of the ADA applies to TDCJ. Title II has the same mandate as Section 504.

22. The ADA and Section 504 define discrimination as the failure to take necessary steps to ensure no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of services for the disabled. Such services include provisions necessary to achieve effective communication.

23. The Alfred Hughes Unit of TDCJ is a facility, and its operation comprises a program and service, for Section 504 and ADA purposes.

24. For purposes of the ADA and Section 504, Mr. Durrenberger is a qualified individual with a physical impairment that substantially limits one or more major life activities.

25. TDCJ failed and refused to reasonably accommodate Mr. Durrenberger's hearing disability, in violation of the ADA and Section 504, when he visited his friend at the Alfred Hughes Unit.

## Violations of Chapter 121

26. Chapter 121 specifically addresses the ability of people with disabilities to integrate fully into society. Chapter 121 states the policy of Texas "is to encourage and enable persons with disabilities to participate in the social and economic life of the state, to achieve maximum personal independence, to become gainfully employed, and to otherwise fully enjoy all public facilities within the state." Tex. Hum. Res. Code Ann. 121.001 (Vernon 2004).

27. TDCJ's barriers have denied Mr. Durrenberger the opportunity to participate in or benefit from a good, service, or accommodation that is equal to that afforded other individuals because of his disability, in violation of Tex. Hum. Res. Code Ann. § 121.001, et seq.

## INJUNCTIVE RELIEF

28. Mr. Durrenberger will continue to experience unlawful discrimination as a result of Defendant's failure to comply with the ADA, Section 504 and Chapter 121. Injunctive relief is necessary so all individuals with hearing disabilities can access TDCJ's services, as required

by law, and to require Defendant to modify the visitation program to ensure it is accessible to persons with disabilities, including Mr. Durrenberger.

## DECLARATORY RELIEF

29. Plaintiff is entitled to declaratory judgment concerning Defendant's violations of the ADA, Rehabilitation Act, and the Texas Declaratory Judgment Act, specifying the rights of individuals with disabilities to access the facilities, services, and programs at TDCJ.

## DAMAGES

30. Plaintiff is entitled to damages in the amount of at least $100 per violation of Chapter 121 by Defendant, pursuant to Tex. Hum. Res. Code Ann. § 121.004(b).

31. Plaintiff is entitled to damages under the ADA, and Section 504.

## ATTORNEYS' FEES AND COSTS

32. Plaintiff is entitled to reasonable attorneys' fees and court costs, pursuant to the ADA, Rehabilitation Act and the Texas Declaratory Judgment Act.

## PRAYER FOR RELIEF

Therefore, Plaintiff respectfully requests this Court to award the following relief:

A. A permanent injunction, requiring Defendant, its agents, servants, and employees, and all persons acting in concert with Defendant, to eliminate all barriers described herein that prevent Plaintiff from having access to the services, facilities, programs and accommodations at TDCJ facilities; and enjoining Defendant from violating the ADA, Rehabilitation Act and Chapter 121 and from discriminating against Plaintiff in violation of the law;

B. A declaratory judgment that Defendant's barriers have prevented, and continue to prevent, Plaintiff from fully communicating in visitation, in violation of the ADA, Rehabilitation Act and Chapter 121;

C. Damages in the amount of at least $100 per violation of Chapter 121 by Defendant, pursuant to Tex. Hum. Res. Code Ann. § 121.004(b);

D. Find that Plaintiff is the prevailing party in this action, and order Defendant liable for Plaintiff's attorneys' fees, costs, and litigation expenses: and;

E. Grant such other and additional relief to which Plaintiff may be entitled.

Dated: June 3, 2009.

                                              Respectfully submitted,

                                              _____

                                              Peter (Jody) Barton
                                              State Bar No. 24036196
                                              Lauren Izzo
                                              *Application for Admission pending*
                                              State Bar No. 24065482
                                              Scott Medlock
                                              State Bar No. 24044783
                                              Wayne Krause
                                              State Bar No. 24032644
                                              James C. Harrington
                                              State Bar No. 09048500

                                              TEXAS CIVIL RIGHTS PROJECT
                                              1405 Montopolis Drive
                                              Austin, Texas 78741-3438
                                               (512) 474-5073 [phone]
                                               (512) 474-0726 [fax]

                                              ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

     I certify that on May 14, 2009, a true copy of this document was sent to counsel for Defendants, Susan Werner, P.O. Box 12548, Austin, TX 78711-2548, (512) 495-9139 through the Court's electronic filing system.

                                              /s/ Lauren Izzo
                                              Lauren Izzo